IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**LEROY BARNETT**                                                                                         **PLAINTIFF**

**V.**                                                                                  **NO. 4:15-CV-127-DMB-JMV**

**MARSHALL FISHER, et al.**                                                                         **DEFENDANTS**

## ORDER DENYING RECONSIDERATION

This pro se prisoner action is before the Court on Leroy Barnett's motion for reconsideration. Doc. #50.

**I**
**Procedural History**

On September 14, 2015, Leroy Barnett, an inmate in Unit 29 at the Mississippi State Penitentiary, filed a "Prisoner's Complaint Challenging Conditions of Confinement" against: (1) Marshall Fisher, the Commissioner of the Mississippi Department of Corrections; (2) Earnest Lee, the Superintendent of the Mississippi State Penitentiary; and (3) Timothy Morris, the "Warden over Unit 29." Doc. #1. Barnett's complaint alleged that he suffered injuries from the use of unlawful force during a "shakedown" of Unit 29. *Id*. at 4–5.

On January 28, 2016, Barnett appeared before United States Magistrate Judge Jane M. Virden for a *Spears* hearing. Doc. #12. At the *Spears* hearing, Barnett clarified that he was asserting three claims – an excessive force claim arising from the shakedown, a denial of medical treatment claim based on the prison's response to injuries Barnett suffered during the shakedown, and a separate allegation that "various Mississippi Department of Corrections personnel … retaliated against him because he has sought state post-conviction collateral relief to overturn his convictions for murder and aggravated assault – and also because he has drafted pleadings for

other inmates during his time in prison." Doc. #14 at 2.

Four days later, on February 1, 2016, Judge Virden issued a Report and Recommendation recommending that the claims "against Marshall Fisher and Earnest Lee should be dismissed for failure to state a claim. However, his claim against Warden Timothy Morris for failure to protect him from use of excessive force by the personnel conducting the shakedown [should] proceed." *Id.* at 7. Barnett did not object to the Report and Recommendation within the time allowed. On May 27, 2016, this Court entered an order adopting the Report and Recommendation as the order of the Court. Doc. #21.

On September 29, 2016, Morris filed a motion for summary judgment. Doc. #34. Barnett did not respond to the motion for summary judgment but, on October 25, 2016, filed a motion seeking to transfer this case to the Oxford Division of this Court. Doc. #39. Six days later, on October 31, 2016, Barnett filed his own motion for summary judgment. Doc. #42. Morris did not respond to Barnett's motion.

On November 17, 2016, Judge Virden denied Barnett's motion to transfer. Doc. #43. On December 2, 2016, Barnett filed a motion seeking reconsideration of the denial. Doc. #45.

On May 23, 2017, this Court granted Morris' motion for summary judgment on the ground that there was no evidence Morris had knowledge of the alleged attack. Doc. #48. Accordingly, the Court dismissed the action with prejudice. Doc. #49. On or about June 10, 2017, Barnett filed the instant motion for reconsideration. Doc. #50.

## II
## Analysis

Under Fifth Circuit jurisprudence:

A Rule 59(e) motion "calls into question the correctness of a judgment." This Court has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of

2

judgment. Rather, Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.

*Templet v. HydroChem, Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (alteration in original) (citations omitted).[1] "A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (quotation marks omitted).

In his motion for reconsideration, Barnett argues that his claims should not have been dismissed because he suffered injuries and he is falsely imprisoned. Neither of these contentions undermine this Court's conclusion that Morris cannot be liable because he was not aware of the alleged attack. Accordingly, the motion for reconsideration [50] is **DENIED**.[2]

---

[1] Because Barnett's motion was filed within 28 days of the final judgment, the Court construes the motion as brought under Rule 59. *See Harris v. Moberly*, 642 F. App'x 386 (5th Cir. 2016) ("Harris filed a postjudgment motion challenging the dismissal of his complaint within 28 days of the district court's entry of judgment, which is properly construed as a Rule 59(e) motion.").

[2] While the motion for reconsideration is denied, the Court takes this opportunity to clarify and supplement a portion of its order granting summary judgment. In its previous order, the Court held that Barnett could not assert a claim for failure to supervise based on Morris' alleged failure to talk to task force officers about proper procedures because such a claim was not pled. Doc. #48 at 5–6. However, supervisory liability is a theory of liability, not a claim which must be pled separately. *See Aubin v. Columbia Cas. Co.*, __ F.Supp.3d __, No. 16-290, 2017 WL 4310241, at *3 (M.D. La. Sep. 28, 2017) (supervisory liability is theory of individual liability under § 1983); *Johnson v. PPI Tech. Servs., L.P.*, 613 F. App'x 309, 313 (5th Cir. 2015) ("[P]recise statements of legal theories are not required."). Accordingly, failure to plead supervisory liability should not have precluded Barnett from arguing such a theory in response to summary judgment. Regardless, such a theory must fail.

To hold a defendant liable under a theory of deliberate indifference, "the plaintiff must show that: (1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Brauner v. Coody*, 793 F.3d 493, 501 (5th Cir. 2015). In his response, Barnett offered no evidence that the task force officers were not informed of appropriate procedures or that, under the circumstances, the failure to do so would amount to deliberate indifference. Barnett also failed to establish any link between these unspecified procedures and his alleged injuries. Accordingly, Barnett's response failed to establish the first and third elements of a failure to supervise theory and summary judgment on such theory is, and was, proper. This Court's May 23, 2017, order granting summary judgment therefore is **MODIFIED** to this extent.

**SO ORDERED**, this 6th day of December, 2017.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**